## No. 8841.

### B. E. HALL, EXECUTOR, vs. CHARLES R. EGELLY.

A party seeking to be appointed dative executor cannot be injoined from further prosecuting his demand in the courts. The remedy is by opposition to the application and appeal from an adverse judgment.

APPEAL from the Eighth District Court, Parish of Madison. *Delony*, J.

---

*W. G. Wyly* for Plaintiff and Appellant.

*J. M. Kennedy* and *F. F. Montgomery* for Defendant and Appellee:

No appeal lies from an interlocutory judgment which causes no irreparable injury; nor wherever the appellant can be relieved on appeal from the final judgment in the case. Fields, Tutrix, vs. Gagné and Wife, 33 An. 339; 31 An. 47; 13 An. 300; 1 An. 25; 3 N. S. 25; and authorities collated in 1 H. D., p. 23, No. 8, and p. 28, No. 22.

An injunction cannot issue to prohibit one from suing or exercising his rights before a court of justice. The right to claim judicially what one believes he is entitled to, and the right to prosecute a suit in court, are rights which can be denied to no one. Brott vs. Eager, Ellerman & Co., 28 An. 262; 26 An. 500.

The remedy by injunction cannot be substituted for that by appeal; and where a plaintiff in injunction can prosecute and vindicate his rights effectually by an appeal, his injunction will be dissolved for no cause of action. 4 An. 12.

The opinion of the Court was delivered by

MANNING, J. This is an injunction restraining the defendant "from proceeding further with his application to be appointed dative execu- tor" of the estate, of which the plaintiff is testamentary executor.

Certain creditors of the testatrix obtained an order on December 17, 1880, requiring the plaintiff to give bond with security for a sum ex- ceeding by one-fourth the amounts of their debts, within thirty days from the service of the order, and it was served on the same day. The bond and security was not given within that time.

On January 28, 1881, the defendant, alleging that the succession was without a representative because of the plaintiff's failure to give the security as ordered, and that he was a privileged creditor of the suc- cession, applied for the appointment as dative executor, and his appli- cation was ordered to be published. Whereupon the present injunc- tion was obtained on February 7th following.

The injunction was improvidently granted. Whether Egelly is such creditor as to entitle him to the appointment he seeks, and whether there is legal occasion for any appointment, are matters not now before us. He was asserting what he claims is a legal right by means of judicial proceedings, and it is an abuse of the writ of injunction to summarily prevent his prosecution of his suit thereby. Brott vs. Eager, 28 Ann. 262.

The plaintiff has his remedy, and the lower Judge has welded it into shape for him, by ordering his petition to stand as an opposition to Egelly's application, while at the same time the injunction was dis- solved. He thus has preserved to him the right to contest the defend- ant's pretensions in their entirety, and does not illegally interfere with the defendant in the prosecution of his own suit.

Judgment affirmed.